60758. DeSHAZOR v. BOARD OF DIRECTORS, PEYTON VILLAGE TOWNHOUSE ASSOCIATION.
60759. PEARSON v. BOARD OF DIRECTORS, PEYTON VILLAGE TOWNHOUSE ASSOCIATION.

SHULMAN, Presiding Judge.

Appellants-defendants Larry DeShazor and John Pearson individually appeal judgments of the trial court, sitting without a jury, in favor of appellee-plaintiff Board of Directors of the Peyton Village Townhouse Association (hereinafter "Board of Directors"). The appeals have been consolidated by this court. We affirm the judgment of the trial court in both cases.

1. In virtually identical briefs, appellants allege that the trial court erred in "not trying the case at bar," in "denying [appellants] the right to call witnesses in support of [their] case[s]," and in "allowing [Board of Directors'] attorney to testify continuously throughout trial over the objection of [appellants]." The record is completely devoid of support for these allegations, and the enumerations of error based thereon are consequently unpersuasive.

2. Appellant DeShazor asserts that the trial court should have dismissed Board of Directors' complaint because the board allegedly failed to timely amend the complaint to correct the misspelling of DeShazor's name. The record discloses that DeShazor made no motion to dismiss the Board of Directors' complaint on this ground and, furthermore, that the spelling of DeShazor's name was correct

on the original complaint filed with the court. This enumeration of error is unavailing.

3. Both appellants attack on the general grounds certain of the trial court's findings of fact and conclusions of law. Specifically, appellants assert error in the court's findings that the Peyton Village Townhouse Association (hereinafter "Association") did not formally exist prior to November 29, 1978; that the property and affairs of the Association were managed by a trustee of the United States Bankruptcy Court for the Northern District of Georgia from October of 1975 until April of 1977; and that the bankruptcy court "released the affairs and functions of the townhouse properties to Atlanta Federal Savings [and Loan Association]" (hereinafter "Atlanta Federal") in April 1977. We reject these assertions. The record contains ample evidence supporting all of the trial court's findings. See *Bailey v. Lurlee, Inc.,* 131 Ga. App. 546 (206 SE2d 529).

4. Appellants further contend that the November 29, 1978, meeting of Peyton Village Townhouse owners (at which meeting the Board of Directors was elected) was illegally called by Atlanta Federal. In our view, appellants have failed to demonstrate that the subject meeting was called in violation of any rules and regulations which were or may have been applicable to the particular circumstances under which that meeting was held. Sufficient advance notice of the time, place and purpose of the meeting was provided to all affected townhouse owners. While the meeting was not called by the president of the Association, as the bylaws of the Association require, it has already been determined in Division 3 of this opinion that the Association did not exist prior to the meeting. Appellants thus have not shown that the meeting failed in any way to conform with applicable rules, and their argument to the contrary is consequently without merit.

5. Appellants contend that the trial court erred in finding that Atlanta Federal "relinquished the right to exercise all voting rights and functions of the Association to the homeowners and plaintiff Board of Directors" at the November 29, 1978, meeting. Appellants premise this contention on the argument asserted in another enumeration of error to the effect that Atlanta Federal had never actually *acquired* such a right from the bankruptcy court prior to the subject meeting. Our disposition of that argument in Division 3 renders separate discussion of this contention of error unnecessary.

6. Appellants next attempt to collaterally attack the order of the bankruptcy court entered on September 10, 1975, in which that court ordered the amendment of the declaration of covenants, conditions, and restrictions for the Peyton Village Townhouses. The collateral attack advanced by appellants was not properly raised at

trial and is completely without substance. Appellants have failed to rebut the inherent presumption of validity underlying a court order (see *Hilley v. Finance Am. Corp.,* 145 Ga. App. 284 (243 SE2d 587)), and for that reason their attacks upon the validity of the order have no merit.

7. Appellants further contend that the trial court impermissibly denied them their constitutional right to counsel. The record in this case reflects that no such denial ever transpired and that appellants were in fact repeatedly urged by the trial court to retain counsel. The sole attempt by appellants to acquire representation by counsel terminated in counsel's voluntary withdrawal from the case, after which appellants made no further efforts to obtain legal assistance. Their protestations to the contrary are entirely unpersuasive.

8. Appellants assert that the trial court erred in finding against them on the merits of their counterclaims against the Board of Directors. Appellants list several allegedly erroneous rulings of the trial court as grounds for the reversal of the court's disposition of their counterclaims; however, appellants have not argued the validity of these rulings in this enumeration, but have instead cited the enumerations in which the subject rulings have been attacked.

Appellants have employed the same technique to argue an enumeration of error concerning the trial court's failure to rule in their favor on their chief defense. Our disposition of the individual enumerations on which these two rely controls them adversely to appellants.

9. Appellant's attack on the form of the judgment is wholly specious and reflects a lack of understanding of judicial processes, which argues eloquently against self-representation in litigation.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 11, 1981 —

Larry DeShazor, *pro se.*
John Pearson, *pro se.*
*Richard Ellenberg,* for appellee.